UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOVICA PETROVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-47 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's "Motion to remove Judge Stephen N. Limbaugh, JR." Plaintiff asks the Court to recuse itself from this matter, and all current and future cases involving plaintiff, because the Court has previously ruled against plaintiff and dismissed a case that he filed. *See Petrovic v. United States of America*, No. 4:16-CV-1744 SNLJ (E.D. Mo.). Plaintiff argues that the Court abused its discretion when it intentionally and purposely misinterpreted Supreme Court precedent and a federal statute in order to rule against plaintiff. The motion will be denied.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" he must recuse himself. 28 U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.' " *Moran*, 296 F.3d at 648 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or

1

actually knows of grounds requiring recusal is irrelevant─section 455(a) sets an objective standard that does not require scienter." *Id.* (citations omitted). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.' " *Id.* (quoting *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)). However, " '[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.' " *Id.* (quoting *Harris v. Mo.*, 960 F.2d 738, 740 (8th Cir. 1992)).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a party's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr,* 758 F.2d 1578, 1583 (9th Cir. 1985). Finally, "[a]n adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality." *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 665 (8th Cir. 2003).

Plaintiff's motion for recusal is baseless. Plaintiff's main point – that the Court should remove itself from this matter because it ruled against him in a previous case – is without legal merit. *See Fletcher,* 323 F.3d at 665. Plaintiff's allegations regarding the Court's bias are conclusory and are not supported by any facts. Plaintiff's argument is premised on the allegation that the Court misinterpreted the Supreme Court's holding in *Ali v. Federal Bureau of Prisons*, 522 U.S. 214 (2008). However, plaintiff's only support for this argument is a quote from Justice Kennedy's dissent in that case – which is not the majority's opinion. Nothing in plaintiff's motion establishes a clear showing of bias or partiality. There is no basis for my

2

recusal in this matter. As a result, I am obligated to hear this case and decide the pending motions. The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to remove Judge" [ECF No. 2] is **DENIED**.

Dated this 26th day of February, 2019.

                                         STEPHEN N. LIMBAUGH, JR.
                                         UNITED STATES DISTRICT JUDGE